**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| SPECTRUM VAPOR SAO LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAVAGE E-LIQUID CORP. and www.VAPESHOPSUPPLY.COM<br><br>Defendants. | Case No:<br><br>**Injunctive Relief Requested** |

## COMPLAINT

Plaintiff, Spectrum Vapor SAO LLC sues Defendants, Savage E-Liquid Corp. ("Savage") and www.vapeshopsupply.com ("Vape Shop"), as follows:

## NATURE OF THE ACTION

1. This action is brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1125(a) *et seq.*, for trademark infringement, false advertising, false designation of origin, and unfair competition. Plaintiff also brings state law claims for misleading advertising and deceptive and unfair trade practices.

2. As will be explained more fully below, Plaintiff sells high quality e-liquid's under its SPECTRUM and SPECTRUM VAPOR marks. Defendants are direct competitors of Plaintiff and also sell e-liquids under their SPEKTRUM VAPORS mark. These marks – which are used for the same product and target the same limited customers – are virtually identical. Consumer confusion is not just likely, it is all but inevitable. Defendants exasperate this problem by using *Plaintiff's mark and website address*,

www.spectrumvapors.com, on Defendant Savage's own social media page. Defendant Savage's intent is to misrepresent an affiliation with, and pass its services off, as Plaintiff's. Defendants have continued this activity despite being put on notice that their conduct infringes on Plaintiff's marks. As a result, there is little doubt that Defendants are willfully infringing on Plaintiff's marks in an effort to capitalize and trade off Plaintiff's reputation and goodwill.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as questions of federal law have been presented under 17 U.S.C. §§ 101, *et.seq.* and 15 U.S.C. §§ 1114 and 1125(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Personal jurisdiction over Defendants is vested in this Court by virtue of (a) Defendants' general presence within Florida due to their offering for sale of their products within the state; and (b) Defendants' specific presence within Florida due to their selling and offering to sell within Florida the goods at issue in this complaint.

5. This Court is the proper venue for this case pursuant to 28 U.S.C. 1391 because Defendants or their agents may be found in this District, Plaintiff's claim arises within this District, Plaintiff resides in this District, and Defendants have committed tortious acts within this District and have committed tortious acts outside this District which impact Plaintiff within this District.

## PARTIES

6. Plaintiff is a Florida limited liability company with its principal place of business located at 1715 Lakeside Avenue, Suite 4, St. Augustine, St. Johns County, Florida 32084.

7. Defendant Savage is a corporation organized under the laws of the State of Wyoming with its principal place of business located at 1712 Pioneer Avenue, Suite 768, Cheyenne, Laramie County, Wyoming 82001.

8. Defendant Vape Shop is a website maintained and operated by Matt Winters with a registered address of 638 Camino De Los Mares h130-496, San Clemente, Orange County, California 92673.

9. On information and belief, Defendant Savage is launching its embryonic "SPEKTRUM VAPORS" business in March of 2016. However, as early as January 13, 2016, Defendant Savage has offered for sale and/or has sold its electronic cigarette liquid ("e-liquid") products through use of its agent Defendant Vape Shop prior to their scheduled launch date.

## GENERAL ALLEGATIONS

### A. Plaintiff's SPECTRUM and SPECTRUM VAPOR Marks

10. Plaintiff is a leading marketer and seller of hi-quality e-liquid comprised of vegetable glycerin and propylene glycol, flavoring and nicotine if stated.

11. Plaintiff's related company, Club 13 Enterprises Inc., was founded in 1999 to provide smokers and non-smokers a safer alternative to cigarettes and combustibles.

12. Plaintiff is the exclusive owner of all rights, title and interest to the following

United States trademarks:

(i) SPECTRUM VAPOR, U.S. Serial No. 86/910,718, in connection with electronic cigarette liquid (e-liquid) comprised of vegetable glycerin and propylene glycol in Class 34. First Use in Commerce: January 07, 2014.

(ii) SPECTRUM, U.S. Serial No. 86/910,679, in connection with electronic cigarette liquid (e-liquid) comprised of vegetable glycerin and propylene glycol in Class 34. First Use in Commerce: January 07, 2016.

The above referenced marks shall individually and collectively be referred to as the "SPECTRUM Marks."

13. Plaintiff is the sole and exclusive owner of the SPECTRUM Marks as used in connection with the goods referred in each U.S. trademark application and of all of the associated goodwill.

14. Plaintiff's SPECTRUM Marks are symbolic of the goodwill and consumer recognition built up by Plaintiff through substantial amounts of time and effort in advertising and promotion.

15. For the past two years without interruption, Plaintiff has expended considerable resources of both time and money promoting its SPECTRUM Marks in association with its premium e-liquid business. These efforts include advertising in the industry's leading publication, Vape Magazine and HQ Magazine.

16. Since 2014, Plaintiff has been relied upon as a provider of award winning, high quality e-liquids for sale in retail outlets online and across the country under its

SPECTRUM Marks.

17. Plaintiff attends and exhibits at six to eight vape industry trade shows a year.

18. Plaintiff has been the subject of articles in various online and print magazines, including B2B Wholesaler Magazine and Smoke & Vape Business Solutions.

19. Plaintiff has been the recipient of several industry awards based on flavor and/or quality, including five awards from the World Vapor Expo in 2014.

20. Plaintiff maintains an active online presence, including websites (www.spectrumvapor.com and www.spectrumvapors.com), a Facebook page (www.facebook.com/spectrumflavors), a Twitter account (www.twitter.com/spectrumvapor), an Instagram account (www.instagram.com/spectrumvapor), and a Pinterest account (www.pinterest.com/spectrumvapor).

21. Plaintiff has worked diligently to cultivate and preserve its reputation as a provider of high quality products with an understanding that confidence in these standards under its SPECTRUM Marks are essential in continuing and promoting its services. By virtue of Plaintiff's award-winning products and reputation achieved through such high quality standards, its SPECTRUM Marks are well known and respected in the e-cig and vaporizer industry across the United States.

**B. Defendants' Infringing Activities**

22. Defendant Savage is the designer and manufacturer of a line of e-liquids under the mark SPEKTRUM VAPORS ("SPEKTRUM Mark").

23. Upon information and belief, Defendant Savage plans to launch its embryonic business sometime in March of 2016. However it has been selling its e-liquids using its agent Defendant Vape Shop since at least as early as January 13, 2016.

24. Defendants directly compete with Plaintiff by selling and marketing e-liquid products.

25. Plaintiff first became aware of Defendants on January 29, 2016, after a customer forwarded an email they received from Defendant Savage with the subject line "Spektrum Vapors Flash Sale Today Only."

26. Defendant Savage maintains a Facebook page (www.facebook.com/Spektrumvapors) in which it links to Plaintiff's own website referenced above, thus falsely suggesting a connection with Plaintiff's SPECTRUM Marks.

27. In response to the foregoing, Plaintiff on or around January 29, 2016 contacted Savage E-Liquid Corp. and left a message, informing them of the confusion between the identical sounding marks.

28. On or around January 29, 2016, Defendant Savage, through its principal Chris Wheeler, responded to Plaintiff by email stating "I do not care if your name is similar" and refusing to cease and desist its infringing activity.

29. Defendant Savage and Vape Shop continue their infringing activities by advertising and promoting the e-liquid products bearing the SPEKTRUM Mark and selling the product online through their website.

30. In view of the similarities of the respective marks, Defendants' unauthorized

use of the SPEKTRUM Mark is likely to cause consumer confusion with Plaintiff's SPECTRUM Marks or to cause mistake or to deceive the consuming public.

31. Defendants' continued unauthorized use of the SPEKTRUM Mark is deceptive because it falsely suggests a connection with Plaintiff's SPECTRUM Marks, the prior user and owner of the marks.

32. Defendants have no legitimate reason for their unauthorized use of their SPEKTRUM Mark other than to unjustly enrich themselves by capitalizing on Plaintiff's reputation and goodwill.

## COUNT I
## Trademark Infringement Under § 43(a) of the Lanham Act, (15 U.S.C. §§ 1125(a)) (Injunctive Relief and Damages)

33. Plaintiff incorporates the general allegations above.

34. Defendants have violated, and will continue to violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using in interstate commerce, without the consent of Plaintiff, the SPECTRUM Marks, in connection with Defendants' trade names, domain names, online public listings and advertisements.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement and commercial use of the SPEKTRUM Mark creates a likelihood of confusion among consumers with Plaintiff's SPECTRUM Marks, is ongoing and continuing and will continue unless enjoined by this court.

36. By virtue of these acts by Defendants, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendants are permanently enjoined by this Court from using the SPEKTRUM Mark or any colorable imitation

thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's SPECTRUM Marks.

37. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

**COUNT II**
**Misrepresentation, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**
**(Injunctive Relief and Damages)**

38. Plaintiff incorporates the general allegations above.

39. As a result of Plaintiff's long-standing use of its SPECTRUM Marks throughout both Florida and the United States, Plaintiff's SPECTRUM Marks have achieved substantial goodwill, recognition and reputation in the e-cig and vaporizer industry, including winning five (5) product awards from the World Vapor Expo in 2014.

40. By willfully adopting and using the SPEKTRUM Mark, Defendants have held themselves out to the world as the rightful owner of Plaintiff's SPECTRUM Marks. Defendants have knowingly made a false or misleading description or representation of fact in commerce.

41. Defendants have also made material false statements of fact concerning Defendants' reference to itself as "SPEKTRUM VAPORS" since it operates in a field where a reference to "SPECTRUM VAPOR" refers to Plaintiff.

42. Defendants' false statements have actually deceived numerous third parties or have a tendency to deceive a substantial portion of the marketplace.

43. Defendants' deception is material because it causes, or tends to cause the consuming public to wrongfully believe that Defendants are affiliated, connected, or sponsored by Plaintiff when they are not.

44. Plaintiff is, and will continue to be, damaged by Defendants' unauthorized use, including monetary loss, irreparable injury and erosion of the distinctiveness and goodwill that adheres in Plaintiff's SPECTRUM Marks.

45. These false representations misrepresent the nature, characteristics, and/or qualities of Plaintiff's services or commercial activities by implying to the marketplace that Defendants and Plaintiff are one and the same.

46. Defendants' false and misleading descriptions and misleading representations of fact have resulted in a likelihood of confusion in commerce, whereby numerous ordinary prudent consumers of Plaintiff's goods have been, and are likely to be, misled into believing that Defendants and Plaintiff are the same organization.

47. Defendants' unauthorized use of the SPEKTRUM Mark constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants to Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff.

48. Defendants knowingly and willfully used and continue to use the SPEKTRUM Mark, despite their knowledge of Plaintiff's prior and superior trademark rights to the SPECTRUM Marks.

49. Defendants have solicited business using the SPEKTRUM Mark thereby taking unauthorized advantage of the goodwill of Plaintiff's SPECTRUM Marks.

50. Defendants' conduct constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. 1125(a).

51. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendants' actions unless Defendants are enjoined from engaging in misrepresentation.

52. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

**COUNT III**
**Misleading Advertising (§817.41, Florida Statutes)**

53. Plaintiff incorporates the general allegations above.

54. Through their actions described above, Defendants made or disseminated, or caused to be made or disseminated, to the general public of Florida, or a portion thereof, advertising which identifies them as selling products under the SPEKTRUM Mark.

55. Those advertisements were misleading because Defendants knowingly and intentionally falsely suggested that their products operate under the SPEKTRUM

Mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiff's SPECTRUM Marks.

56. The above misrepresentations were material, as they deceived consumers about the nature and quality of Defendants' product and service, and induced consumers to patronize Defendants' businesses instead of purchasing Plaintiff's products, or they are substantially likely to do so.

57. Defendants knew or should have known that its advertisements were misleading, and that the representations in the advertisements were false.

58. Defendants intended that the false representations would induce consumers to act on them.

59. By virtue of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendants are preliminarily and permanently enjoined by this Court from using the SPEKTRUM Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiff's SPECTRUM Marks.

60. For those acts committed prior to the issuance of an injunction, Plaintiff requests restitution of Defendants' profits in an amount to be shown at any trial of this action.

61. Plaintiff is further entitled to compensatory damages based on Plaintiff's loss of profits and damage to its goodwill and business reputation that have been caused by Defendants' unfair and competitive acts.

62. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

**COUNT IV**
**Unjust Enrichment**

63. Plaintiff incorporates the general allegations above.

64. Defendants have unfairly and unlawfully used the SPEKTRUM Mark, creating confusion with Plaintiff's SPECTRUM Marks, for Defendants' own enrichment.

65. Defendants did so and continue to do so knowing they had no right to Plaintiff's SPECTRUM Marks.

66. If Defendants are permitted to exercise ownership over, or to interfere with, Plaintiff's lawful claims of ownership over its SPECTRUM Marks, Defendants will be unjustly enriched at Plaintiff's expense.

67. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

**COUNT V**
**Tortious Interference With Prospective Economic Advantage**

68. Plaintiff incorporates the general allegations above.

69. With knowledge of the Plaintiff's SPECTRUM Marks and related information, and the existence of relationships between customers and Plaintiff, Defendants have tortiously interfered with Plaintiff's prospective economic advantage.

70. Defendants have wrongfully used the SPEKTRUM Mark to piggyback off of Plaintiff's SPECTRUM Marks, reputation, and goodwill to unfairly compete, to interfere with the Plaintiff's relationships with its customers and consumers, and to deprive Plaintiff of sales and business that would have been available to it.

71. These acts were committed with the intent to injure Plaintiff's current and future business expectancies with customers and consumers.

72. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

**COUNT VI**
**Unfair and Deceptive Trade Practices**
**(§501.201, et. seq., Florida Statutes)**

73. Plaintiff incorporates the general allegations and the allegations in Counts I-VI above.

73. Defendants' trademark infringement, unfair competition, false and misleading advertising, deceptive advertising, and unauthorized use of the SPEKTRUM Mark constitutes unfair or deceptive acts or practices in the conduct of trade or commerce.

74. By reason of Defendants' actions, Plaintiff has suffered irreparable harm to its reputation, lost business and business opportunities, and its associated goodwill. Unless Defendants are preliminarily and permanently enjoined from its actions, Plaintiff will continue to be irreparably harmed.

75. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

I. That Defendants, their officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

1. Stop using the SPEKTRUM Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive including but not limited to the term SPECTRUM;

2. Stop using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

3. Take all steps necessary to remove the SPEKTRUM Mark or any other name, mark or symbol likely to cause confusion with Plaintiff's SPECTRUM Marks, from any products, brochures, advertisements, internet listings and/or advertisements, or any other materials printed or to be printed or distributed (including internet distribution); and

4. Hold all proceeds from the sale of their SPEKTRUM e-liquids which is causing confusion with Plaintiff's SPECTRUM Marks, in constructive trust for Plaintiff;

II. That Plaintiff obtains the following relief:

1. An accounting and restitution of any profits the Defendants have gained through the use of the SPEKTRUM Mark pursuant to 15 U.S.C. § 1117;

2. All compensatory damages pled and proved in an amount to be determined at trial pursuant to 15 U.S.C. § 1117;

3. For attorneys' fees and costs;

6. Such other and further relief as to this Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief on which Plaintiff has a right to trial by jury.

Date: March 1, 2016

/s/ Patrick M. Causey

Patrick M. Causey– Trial Counsel
Florida Bar No. 86443
Patrick.causey@hwhlaw.com
David L. Luikart III
Florida Bar No. 21079
dave.luikart@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Plaintiff