**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SPECTRUM VAPOR SAO LLC,

    Plaintiff,

v.                                      Case No. 3:16-cv-199-J-32MCR

SAVAGE E-LIQUID CORP. and
WWW.VAPESHOPSUPPLY.COM,

    Defendants.

---

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

This case is before the Court on Plaintiff Spectrum Vapor SAO, LLC's Unopposed Motion for Entry of Consent Final Judgment and Permanent Injunction (Doc. 6), filed on March 22, 2016. Spectrum Vapor and Defendants Savage E-Liquid Corp. and www.vapeshopsupply.com (or "Vape Shop") have resolved their dispute and consent and agree to the entry of judgment.

It is **ORDERED AND ADJUDGED** that:

**I.**     **Parties, Jurisdiction and Venue**

1.     Plaintiff is a Florida limited liability corporation with its principal place of business located at 1715 Lakeside Avenue, Suite 4, St. Augustine, St. Johns County, Florida 32084.

2.     Defendant Savage is a corporation organized under the laws of the State of Wyoming with its principal place of business located at 1712 Pioneer Avenue, Suite 768, Cheyenne, Laramie County, Wyoming 82001.

3.   Defendant Vape Shop is a website maintained and operated by Matt Winters with a registered address of 638 Camino De Los Mares h130-496, San Clemente, Orange County, California 92673.

4.   This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This Court has subject matter pursuant to 28 U.S.C. § 1331, as questions of federal law have been presented under 17 U.S.C. §§ 101, et. seq. and 15 U.S.C. §§ 1114 and 1125(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.   Personal jurisdiction over Defendants is vested in this Court by virtue of (a) Defendants' general presence within Florida due to their offering for sale of their products within the state; and (b) Defendants' specific presence within Florida due to their selling and offering to sell within Florida the goods at issue in this complaint.

6.   This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391 in that Defendants or their agents may be found in this District, Plaintiff's claim arises within this District, Plaintiff resides in this District, and Defendants have committed tortious acts within this District and have committed tortious acts outside this District which impact Plaintiff within this District.

**II.   Plaintiff's SPECTRUM Marks**

7.   Plaintiff is the exclusive owner of all rights, title and interest to the following United States trademarks:

      i. SPECTRUM VAPOR, U.S. Serial No. 86/910,718, in connection with electronic cigarette liquid (e-liquid) comprised of vegetable glycerin and propylene glycol in Class 34. First use in commerce: January 07, 2014.

      ii. SPECTRUM, U.S. Serial No. 86/910,679, in connection with electronic cigarette liquid (e-liquid) comprised of vegetable glycerin and propylene glycol in Class 34. First use in commerce: January 07, 2016.

The above referenced marks shall individually and collectively be referred to as the "SPECTRUM Marks."

    8. Unauthorized use of the SPECTRUM Marks is likely to cause confusion, mistake or deception as to the source, origin, sponsorship and/or affiliation of the unauthorized user's products and therefore constitutes trademark infringement under § 32(a) of the Federal Trademark Act, 15 U.S.C. § 1114(1)(a), and at common law.

    9. Unauthorized use of the SPECTRUM Marks would exploit and trade upon the substantial goodwill and reputation of Plaintiff symbolized by the trademarks and would enable the unauthorized user to misrepresent their products as emanating from or otherwise sponsored or approved by Plaintiff in violation of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law.

### III. Defendants' Improper Use of the SPEKTRUM Mark

10. Defendants are the designer and manufacturer of a line of e-liquids under the mark SPEKTRUM VAPORS ("SPEKTRUM Mark").

11. Defendants have recently undertaken an advertising campaign, including internet marketing, which improperly suggests an association with Plaintiff's SPECTRUM Marks where there is none. Defendant Savage has gone so far as to include the Plaintiff's website, www.spectrumvapors.com, on its Facebook page advertising the products bearing the SPEKTRUM Mark, as a way to suggest an association between Plaintiff and Defendant Savage.

12. In view of the similarities of the respective marks, Defendants' unauthorized use of their SPEKTRUM Mark is likely to cause consumer confusion with the SPECTRUM Marks or to cause mistake or to deceive the consuming public.

13. Defendants use, or intend to use, the SPEKTRUM Mark on goods and services in interstate commerce that are identical, or at least highly related, to Plaintiff's goods and services.

14. Defendants' promotion and sales of their goods and services under the SPEKTRUM Mark are directed to consumers of Plaintiff's goods and services and are conducted through the same channels of trade as are used by Plaintiff to promote and sell its electronic cigarette goods and related services.

15. Defendants' continued unauthorized use of their SPEKTRUM Mark is deceptive because it falsely suggests a connection with Plaintiff's SPECTRUM Marks, the prior user and owner of the marks.

16. Defendants have no legitimate reason for their unauthorized use of their SPEKTRUM Mark other than to unjustly enrich their selves by capitalizing on Plaintiff's reputation and goodwill.

## IV. Stipulated Permanent Injunction

17. Defendants, their' officers, directors, agents, servants, employees, privies, successors, assigns, as well as all persons in active concert or participation with Defendants who receive actual notice by personal service or otherwise, shall be and are hereby and forever restrained and enjoined in all states of the United States, from:

  i. Using the SPECTRUM Marks, the SPEKTRUM Mark, or any colorable imitations thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive including but not limited to the term SPECTRUM;

  ii. Importing, exporting, distributing, offering for sale, selling, manufacturing, or advertising any product that infringes on the SPECTRUM Marks;

  iii. Maintaining any materials in their possession or under their control that contain infringements of, or things likely to cause confusion with, the SPECTRUM Marks;

  iv. Unfairly competing with the SPECTRUM Marks in any manner whatsoever;

    v.    Inducing others to infringe on the SPECTRUM Marks, or contributing to the infringement of the SPECTRUM Marks;

    vi.    Using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

    vii.    Causing likelihood of confusion, injury to Plaintiff's business reputation, or dilution of the distinctiveness of Plaintiff's SPECTRUM Marks, symbols, labels, or forms of advertisement;

    viii.    Committing trademark infringement, trade dress infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Plaintiff's SPECTRUM Marks or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the laws of the state of Florida concerning Plaintiff's SPECTRUM Marks;

    ix.    Objecting to, contesting or challenging Plaintiff's use and/or registration of the SPECTRUM Marks;

    x.    Conducting any social media campaign against Plaintiff; and

    xi.    Disparaging Plaintiff or Plaintiff's products in the future.

**IT IS FURTHER AGREED AND ORDERED THAT:**

18.   Defendants shall immediately after the effective date hereof, delete and cease all use of the SPEKTRUM Mark, SPECTRUM Marks, or any colorable imitations thereof, and all depictions of the marks from the World Wide Web, Facebook, Twitter, and any other social media page. Including, without limitation, Defendant Savage shall delete any reference to Spectrum or its website, www.spectrumvapors.com, on any such social media page.

19.   Defendants shall immediately after the effective date hereof, change all awnings, signs, advertising and/or marketing materials, menus, labels, and any other item presently bearing their SPEKTRUM Mark or any colorable imitation thereof that may infringe on Spectrum's SPECTRUM Marks.

20.   In the event Defendants breach any term of this Consent Judgment and Permanent Injunction, or otherwise infringe or dilute Plaintiff's SPECTRUM Marks or trade dress rights, Plaintiff shall be entitled to injunctive relief, damages, and profits, and Defendants shall pay Plaintiff's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

21.   Defendants agree that the federal or state courts in Florida shall have personal jurisdiction over Defendants in any dispute involving this Consent Judgment and Permanent Injunction and any future violation of Plaintiff's trademark or trade dress rights.

22. The Permanent Injunction shall remain in full force and effect until modified by Order of this Court.

23. Defendants shall pay to Plaintiff the lump total of $17,708.00 with a check made payable to The Ingber Law Firm in Trust for Spectrum Vapor SAO LLC, which covers the following: (i) $11,708.00 for Plaintiff's reasonable attorney's fees and costs incurred in this action; and (ii) $6,000 as restitution for the sale of products which bear the infringing SPEKTRUM Mark. Within three (3) business days from the execution of this judgment, Defendants shall deliver to Plaintiff's counsel, Mark J. Ingber, Esq. at his address, 374 Millburn Avenue, Millburn, New Jersey 07041, the following four (4) checks made payable to The Ingber Law Firm in Trust for Spectrum Vapor SAO LLC:

   a. The sum of $8,854.00, made payable immediately;

   b. Three installments of $2,951.33, with each made payable on the fifteenth of each month following the execution of this judgment. So as to remove any doubt, if this judgment is entered in April of 2016, the first check would be dated May 27, 2016, the second check dated June 27, 2016, and the third check dated July 27, 2016.

Plaintiff represents that it will hold said checks for deposit until the respective dates thereof.

24. Defendants will be in material default of this Agreement if any payment instrument is returned, refused, or otherwise not paid. These instances of default are not exclusive.

8

25. In the event of any default described in paragraph 24, Plaintiff shall provide Defendants with written notification of such default. Defendants shall cure its default within five (5) business days after receiving such notification from Plaintiff. Should the cure deadline fall on a weekend or legal holiday, the cure deadline shall be extended to the next business day that is not a weekend or legal holiday.

26. If Defendants are in default as described in paragraph 24, and if they do not timely cure their default as specified in paragraph 25, Plaintiff shall be entitled at its sole election to file a motion to enforce this Agreement. Defendants stipulate that such a default and failure to timely cure entitles Plaintiff to judgment against Defendants for the sum of: (i) the outstanding balance; and (ii) the reasonable attorney's fees and costs Plaintiff incurs in bringing this motion and collecting on the judgment.

27. This Court will retain jurisdiction for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction.

28. The Clerk should terminate all pending motions and deadlines close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of April, 2016.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

sj

9

Copies:

Counsel of record
Defendants Savage E-Liquid Corp. and www.vapeshopsupply.com